SUMMARY ORDER

Ying Chen, a native and citizen of the People’s Republic of China, seeks review of a March 28, 2008 order of the BIA affirming the April 7, 2006 decision of Immigration Judge (“IJ”) Helen Sichel, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Ying Chen, No. A96 041 291 (B.I.A. Mar. 28, 2008), aff'g No. A96 041 291 (Immig. Ct. N.Y. City Apr. 7, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, we review both decisions — or more precisely, we review the IJ’s decision including the portions not explicitly discussed by the BIA. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007).
We find that substantial evidence supports the agency’s adverse credibility determination. As an initial matter, we give significant deference to the IJ’s finding that Chen’s demeanor indicated that she was not testifying in a credible manner. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005). The IJ observed that Chen was at times extremely hesitant and that it appeared she had memorized a portion of her testimony where she stated at the outset of her testimony that her best language was Foo Chow but later stated that she needed to testify in the Mandarin dialect regarding her involvement with Falun Gong. We are not compelled to disturb these findings. Additionally, the IJ reasonably gave diminished *92 weight to some of Chen’s documentary evidence. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341-42 (2d Cir.2006) (emphasizing that the weight afforded to documentary evidence “lies largely within the discretion of the [agency]”)(internal quotation omitted).
Substantial evidence also supports the balance of the IJ’s adverse credibility findings. The IJ properly relied on significant discrepancies between Chen’s asylum application and her testimony regarding her alleged past persecution including when she became involved with Falun Gong, when she began distributing Falun Gong flyers, whether she practiced Falun Gong or distributed flyers in the park, and whether she was detained, beaten, and released by Chinese authorities in order to provide them with a list of Falun Gong practitioners. Although Chen offered explanations for some of these discrepancies, no reasonable adjudicator would have been compelled to accept them. See Majidi, 430 F.3d at 80-81.
In light of the foregoing, the agency’s denial of asylum was not improper. Because Chen based her claims for withholding of removal and CAT relief on the same factual predicate, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).